**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **Christina Reining**, **Tracey Saramento, Richard Loyd and Michael Lassiter** individually and on behalf of all others similarly situated,<br>*Plaintiffs*,<br>v.<br>**Keuring Dr. Pepper Inc.,**<br>*Defendant* | **Civil Action No. 4:26-cv-00568-ALM** |

## MOTION TO MODIFY SCHEDULING ORDER AS TO THE DEADLINE FOR MOTIONS TO TRANSFER

Plaintiffs Christina Reining, Tracey Sarmento, Richard Loyd, and Michael Lassiter ("Plaintiffs") and Defendant Keurig Dr Pepper Inc. ("Defendant") (together, the "Parties") jointly move under Federal Rules of Civil Procedure 6(b)(1)(B) and 16(b)(4) to modify the Court's Scheduling Order (Dkt. 19). The Parties stipulate and ask the Court to reset the deadline for motions to transfer to fourteen (14) days after the Court rules on Defendant's motion to dismiss (Dkt. 11).

### I. Background

1. On October 7, 2026, the Court entered its Scheduling Order (Dkt. 19), which set October 9, 2026 as the deadline for motions to transfer.
2. On August 7, 2026, Defendant filed a motion to dismiss (Dkt. 11), which remains pending.
3. The Parties have conferred and agree that the transfer deadline should be tied to the Court's ruling on the motion to dismiss, for the reasons below.

## II. Good Cause Supports the Requested Modification

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Because the October 9, 2026 deadline has passed, the Parties also request relief under Rule 6(b)(1)(B), which permits the Court to extend a deadline after it expires for "excusable neglect."

Good cause exists here because:

- **The ruling may change the transfer analysis.** The motion to dismiss may narrow or eliminate claims. Whether transfer is warranted may turn on which claims remain.
- **Efficiency.** Setting the deadline after the ruling avoids mooted motion practice, and spares the Court and the Parties from briefing transfer on a pleading that may change.
- **Mutual agreement and no prejudice.** Both sides stipulate to the change, and neither claims prejudice. The Scheduling Order's remaining deadlines, beginning with the November 12, 2026 deadline to add parties, and its trial setting are unaffected.

## III. Stipulated Relief

The Parties stipulate and respectfully request that the Court:

1. Modify the Scheduling Order (Dkt. 19) so that the deadline for motions to transfer is **fourteen (14) days after the date the Court issues its ruling on Defendant's motion to dismiss (Dkt. 11)**; and
2. Leave all other deadlines in the Scheduling Order unchanged.

Dated: October 15, 2026

**GREENBERG TRAURIG, LLP**

By: */s/ William M. Katz, Jr.*
William M. Katz, Jr.
State Bar No. 00791003
bill.katz@gtlaw.com
Hunter W. Bezner
State Bar No. 24079906
hunter.bezner@gtlaw.com
2021 McKenney Avenue, Suite 2000
Dallas, Texas 75201
Tel: (214) 665-3600
Fax: (214) 665-3601

Willis M. Wagner
PHV Pending
CA Bar No. 310900
will.wagner@gtlaw.com
400 Capitol Mall, #2400,
Sacramento, CA 95814
Tel: (916) 442-1111
Fax: (916) 448-1709

***Attorneys for Defendant***
***Keurig Dr Pepper Inc.***

/s/ Paul J. Doolittle

Paul J. Doolittle Esq.*
**POULIN | WILLEY| ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
andre.belanger@poulinwilley.com
cmad@poulinwilley.com
**Pro Hac Vice**

Rusty M. Messer, Esq.
**Big River Trial Attorneys**
4626 Sherwood Common Blvd.,
Suite 302
Baton Rouge, LA 70816
Tel: 225-963-9638
Fax: 225-384-6762
Email: **rusty@bigriverlaw.com**

***Attorneys for Plaintiffs***